Rocco Luisi, Esq.
JAFFE & ASHER LLP
600 Third Avenue
New York, New York 10016
(212) 687-3000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY, WEST AMERICAN INSURANCE COMPANY, and AMERICAN FIRE & CASUALTY COMPANY,<br><br>Plaintiffs,<br><br>- v. -<br><br>ASTRO STRUCTURAL SERVICES, INC. d/b/a Astro Structural Services Corp and Astro Structural Consultants, Inc,<br><br>Defendants. | Civil Action No.<br><br><br><br>**COMPLAINT** |

Plaintiffs THE OHIO CASUALTY INSURANCE COMPANY ("Ohio Casualty"), WEST AMERICAN INSURANCE COMPANY ("West American"), and AMERICAN FIRE & CASUALTY COMPANY ("American Fire") (collectively, "Plaintiffs"), by way of Complaint against defendant ASTRO STRUCTURAL SERVICES, INC. d/b/a Astro Structural Services Corp and Astro Structural Consultants, Inc ("Astro"), allege as follows:

## NATURE OF THE ACTION

1. In this action, Plaintiffs seek a money judgment against Astro in the amount of $100,665.27 plus interest for its failure to pay premiums and service charges on several commercial insurance policies.

## THE PARTIES

2. At all relevant times, West American was, and still is, a stock insurance company organized under the laws of the State of Indiana, with its principal place of business located at 175 Berkley Street, Boston, Massachusetts.

3. At all relevant times, Ohio Casualty was, and still is, a stock insurance company organized under the laws of the State of Ohio, with its principal place of business located at 175 Berkley Street, Boston, Massachusetts.

4. At all relevant times, American Fire was, and still is, a stock insurance company organized under the laws of the State of New Hampshire, with its principal place of business located at 175 Berkley Street, Boston, Massachusetts.

5. Astro is a corporation organized under the laws of the State of New Jersey with its principal place of business located at 1802 Rt. 31 North, #328, Clinton, New Jersey.

## JURISDICTION & VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) by reason of the diversity of citizenship of the parties and the fact that the amounts in controversy exceed the sum of $75,000 exclusive of costs.

7. Venue is appropriate in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

### A. The Ohio Casualty 12 Policy

8. At the specific instance and request of Astro, Ohio Casualty issued Commercial Inland Marine policy, No. BMO (12) 52 23 50 51, with a policy period from June 8, 2011 to June 8, 2012, to Astro Structural Services Corp as the first Named Insured (the "Ohio Casualty 12 Policy").

9. Pursuant to terms of the Ohio Casualty 12 Policy, on or before April 27, 2011, premium in the total sum of $1,467.09 became due and owing to Ohio Casualty by Astro.

10. On or before April 27, 2011, Ohio Casualty issued an invoice to Astro in the total sum of $1,467.09 for the premiums due and owing on the Ohio Casualty 12 Policy.

### B. The Ohio Casualty 13 Policy

11. At the specific instance and request of Astro, Ohio Casualty issued Commercial Inland Marine policy, No. BMO (13) 52 23 50 51, with a policy period from June 8, 2012 to June 8, 2013, to Astro Structural Services Corp as the first Named Insured (the "Ohio Casualty 13 Policy").

12. Pursuant to terms of the Ohio Casualty 13 Policy, on or before May 22, 2012, premium in the total sum of $1,467.09 became due and owing to Ohio Casualty by Astro.

13. On or before May 22, 2012, Ohio Casualty issued an invoice to Astro in the total sum of $1,467.09 for the premiums due and owing on the Ohio Casualty 13 Policy.

14. The Ohio Casualty 13 Policy was canceled effective May 20, 2013, resulting in a premium reduction of $79.68.

**C.    The Ohio Casualty XWO Policy**

15. At the specific instance and request of Astro, Ohio Casualty issued Workers Compensation and Employers Liability policy, No. XWO (12) 52 23 50 51, with a policy period from June 8, 2011 to June 8, 2012, to Astro Structural Services Corp as the first Named Insured (the "Ohio Casualty XWO Policy").

16. On or about March 22, 2013, Ohio Casualty conducted an audit of Astro's payroll for the period from June 8, 2011 to June 8, 2012.

17. Ohio Casualty accurately audited the payroll for Astro for the period from June 8, 2011 to June 8, 2012.

18. As a result of the audit of Astro's payroll, Ohio Casualty duly determined that the earned premium for the Ohio Casualty XWO Policy for the period from June 8, 2011 to June 8, 2012 was $84,314.

19. On or before March 22, 2013, Ohio Casualty issued an invoice to Astro in the total sum of $84,314 for the premiums due and owing on the Ohio Casualty XWO Policy.

**D.     The West American 12 Policy**

20.     At the specific instance and request of Astro, West American issued Business Auto policy, No. BAW (12) 52 23 50 51, with a policy period from June 8, 2011 to June 8, 2012, to Astro Structural Services Corp as the first Named Insured (the "West American 12 Policy").

21.     Pursuant to terms of the West American 12 Policy, on or before April 27, 2011, premium in the total sum of $9,434.15 became due and owing to West American by Astro.

22.     On or before April 27, 2011, West American issued an invoice to Astro in the total sum of $9,434.15 for the premiums due and owing on the West American 12 Policy.

**E.     The West American 13 Policy**

23.     At the specific instance and request of Astro, West American issued Business Auto policy, No. BAW (13) 52 23 50 51, with a policy period from June 8, 2012 to June 8, 2013, to Astro Structural Services Corp as the first Named Insured (the "West American 13 Policy").

24.     Pursuant to terms of the West American 13 Policy, on or before May 16, 2012, premium in the total sum of $11,341.16 became due and owing to West American by Astro.

25.     On or before May 16, 2012, West American issued an invoice to Astro in the total sum of $11,341.16 for the premiums due and owing on the West American 13 Policy.

26. An endorsement to the West American 13 Policy effective July 28, 2012 resulted in a premium reduction of $1,398.46.

27. The West American 13 Policy was canceled effective May 20, 2013, resulting in a premium reduction of $520.51.

**F.    The American Fire 11 Policy**

28. At the specific instance and request of Astro, American Fire issued Commercial General Liability policy, No. BLA (11) 52 23 50 51, with a policy period from June 8, 2010 to June 8, 2011, to Astro Structural Consultants, Inc as the first Named Insured (the "American Fire 11 Policy").

29. On or about September 9, 2011, American Fire conducted an audit of Astro's payroll for the period from June 8, 2010 to June 8, 2011.

30. American Fire accurately audited the payroll for Astro for the period from June 8, 2010 to June 8, 2011.

31. As a result of the audit of Astro's payroll, American Fire duly determined that the additional earned premium for the American Fire 11 Policy for the period from June 8, 2010 to June 8, 2011 was $1,239.

32. On or before September 14, 2011, American Fire issued an invoice to Astro in the total sum of $1,239 for the premiums due and owing on the American Fire 11 Policy.

**G.    The American Fire 12 Policy**

33. At the specific instance and request of Astro, American Fire issued Commercial General Liability policy, No. BLA (12) 52 23 50 51, with a policy period

from June 8, 2011 to June 8, 2012, to Astro Structural Consultants, Inc as the first Named Insured (the "American Fire 12 Policy").

34. On or about February 4, 2013, American Fire conducted an audit of Astro's payroll for the period from June 8, 2011 to June 8, 2012.

35. American Fire accurately audited the payroll for Astro for the period from June 8, 2011 to June 8, 2012.

36. As a result of the audit of Astro's payroll, American Fire duly determined that the earned premium for the American Fire 12 Policy for the period from June 8, 2011 to June 8, 2012 was $39,553.

37. On or before April 9, 2013, American Fire issued an invoice to Astro in the total sum of $39,553 for the premiums due and owing on the American Fire 12 Policy.

**H.** **The American Fire 13 Policy**

38. At the specific instance and request of Astro, American Fire issued Commercial General Liability policy, No. BLA (13) 52 23 50 51, with a policy period from June 8, 2012 to June 8, 2013, to Astro Structural Consultants, Inc as the first Named Insured (the "American Fire 13 Policy").

39. Pursuant to terms of the American Fire 13 Policy, on or before May 12, 2012, premium in the total sum of $11,243 became due and owing to American Fire by Astro.

40. On or before May 12, 2012, American Fire issued an invoice to Astro in the total sum of $11,243 for the premiums due and owing on the American Fire 13 Policy.

41. The American Fire 13 Policy was canceled effective May 20, 2013, resulting in a premium reduction of $588.00.

I. **Astro's Payments/Service Charges**

42. On or about July 29, 2011, Astro made a payment to Plaintiffs in the amount of $8,852.99.

43. On or about September 14, 2011, Astro made a payment to Plaintiffs in the amount of $5,908.66.

44. On or about November 30, 2011, Astro made a payment to Plaintiffs in the amount of $7,907.16.

45. On or about January 25, 2012, Astro made a payment to Plaintiffs in the amount of $6,125.66.

46. On or about April 23, 2012, Astro made a payment to Plaintiffs in the amount of $9,183.77.

47. On or about July 27, 2012, Astro made a payment to Plaintiffs in the amount of $6,017.75.

48. On or about October 30, 2012, Astro made a payment to Plaintiffs in the amount of $5,387.10.

49. On or about December 26, 2012, Astro made a payment to Plaintiffs in the amount of $3,764.24.

50. On or about February 26, 2013, Astro made a payment to Plaintiffs in the amount of $3,764.24.

51. Pursuant to the terms of the policies set forth above, services charges in the total sum of $105 became due and owing to Plaintiffs by Astro.

## COUNT ONE
### (Breach of Contract)

52. Plaintiffs repeat and reallege each and every allegation set forth above.

53. Plaintiffs performed all obligations owed to Astro under the terms of the policies set forth above.

54. Although duly demanded, Astro has failed and refused to pay the outstanding premiums and service charges due and owing to Plaintiffs.

55. By reason of the foregoing, Plaintiffs have sustained damages of $100,665.27 plus interest.

**WHEREFORE**, Plaintiffs demand judgment against Astro in the amount of $100,665.27 plus interest, awarding costs and disbursements to Plaintiffs, and granting such other relief as the Court deems just and proper.

JAFFE & ASHER LLP
Attorneys for Plaintiffs

By: s/ Rocco Luisi
     Rocco Luisi, Esq.

Dated: June 9, 2014

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The matter in controversy is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.  I declare under penalty of perjury that the foregoing is true and correct.

                                    JAFFE & ASHER LLP
                                    Attorneys for Plaintiffs


                                  By: s/ Rocco Luisi
                                        Rocco Luisi, Esq.

Dated:  June 9, 2014